UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HARRY BLOSSOM,

                       Plaintiff,

      -against-

OM FINANCIAL LIFE INSURANCE COMPANY OF
NEW YORK and OM FINANCIAL LIFE INSURANCE     Civil Action No. 08 CV 3706
COMPANY,     (KMK)

                     Defendants.     **ANSWER AND**
    **COUNTERCLAIM**

------------------------------------------------------------X
OM FINANCIAL LIFE INSURANCE COMPANY,

                     Defendant and
                     Counter-Claimant,

      -against-

HARRY BLOSSOM,

                     Plaintiff.

------------------------------------------------------------X

      Defendants OM Financial Life Insurance Company of New York ("OM New York") and OM Financial Life Insurance Company ("OM Financial"), by their attorneys, Rivkin Radler LLP, as and for their Answer to the Verified Complaint and as and for OM Financial's Counterclaim, allege as follows:

      1.     Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph "1" of the Verified Complaint.

2. Admit the allegations of paragraph "2" of the Verified Complaint, but deny that OM New York is a proper party to this action.

3. Deny each and every allegation of paragraph "3" of the Verified Complaint, except admit that OM Financial is a foreign corporation.

4. Deny each and every allegation of paragraph "4" of the Verified Complaint, except admit that OM Financial issued Level Term Life Insurance Policy No. LO829399 (the "Policy") insuring the life of Christopher Blossom ("Decedent").

5. Deny each and every allegation of paragraph "5" of the Verified Complaint, except admit that plaintiff is designated as the primary beneficiary of the Policy.

6. Deny each and every allegation of paragraph "6" of the Verified Complaint, except admit that the Decedent died on May 11, 2007.

7. Deny each and every allegation of paragraph "7" of the Verified Complaint, except admit that as of May 11, 2007, all premiums had been paid for the Policy.

8. Deny each and every allegation of paragraph "8" of the Verified Complaint.

9. Deny each and every allegation of paragraph "9" of the Verified Complaint, except admit that plaintiff submitted a Claimant's Statement dated July 23, 2007 for the proceeds of the Policy.

10. Deny each and every allegation of paragraph "10" of the Verified Complaint, except admit that OM Financial has declined plaintiff's request for the proceeds of the Policy as material misrepresentations were made by the Decedent in his application for said Policy, rendering it null and void.

11. Deny each and every allegation of paragraph "11" of the Verified Complaint.

12. Deny that CPLR §1602 applies to this action at all.

## AFFIRMATIVE DEFENSE

1. The Verified Complaint fails to state a claim upon which relief may be granted as against OM New York since it was not the entity which issued the Policy and had no involvement in the review of Blossom's claim for the proceeds of the Policy.

## COUNTERCLAIM

Defendant and Counter-Claimant, OM Financial Life Insurance Company ("OM Financial"), by its attorneys Rivkin Radler LLP, as and for its Counterclaim against the plaintiff, HARRY BLOSSOM, JR., alleges as follows:

1. OM Financial, at all relevant times hereinafter mentioned, was and still is, an insurance company organized and existing under and by virtue of the laws of the State of Maryland.

2. Upon information and belief, plaintiff, HARRY BLOSSOM, JR. ("Blossom"), is a resident of the County of Alleghany, State of New York, and more particularly resides at 3095 Pixley Hill Road, Scio, New York 14880.

3. On or about December 18, 2006, Christopher Blossom ("Decedent") applied to OM Financial for a life insurance policy by answering questions contained in a OM Financial application form (the "Application").

4. In the Application, the Decedent was asked the following questions and answered "No" to each:

> 1f. Have you ever been treated for or diagnosed with: Depression, anxiety, dementia, Alzheimer's, or any other mental or nervous disease or disorder?
>
> 1g. Have you ever been treated for or diagnosed with: Hepatitis, gastritis, colitis, or any disease or disorder of the liver, stomach, pancreas, or intestines?

       4b. In the past 10 years, have you: Had any electrocardiograms, x-rays, laboratory tests, treatments, or procedures?

       4c. In the past 10 years, have you: Been recommended to have any test, treatment, or surgery which has not been performed?

       4d. In the past 10 years, have you: Had any illness, disease, or injury that is not included in the other answers?

In response to the Application's request for Personal Physician Information, the Decedent disclosed only "VA Hospital", last seen "Dec. 15, 2006" in Salisbury, N.C. for "ck up" and that the results of that visit were "all normal."

5.    The Application provided in pertinent part, just above the space where Decedent was to execute the Application, the following:

> I have read the questions and answers on this application. The statements made in this application are: complete; true; and correctly recorded. **I agree that: a copy of this application will form a part of any certificate/policy issued; and that no agent can pass on insurability or modify any certificate issued by the Insurer. I also agree that, except as provided in this application's Receipt, if issued, no insurance will take effect unless and until both of the following conditions are satisfied during each proposed insured's lifetime and while each proposed insured's health is as stated in this application: (1) this certificate/policy is delivered to and accepted by the Owner; and (2) the full initial premium for the mode of payment chosen is paid at our Home Office.**

          \*    \*    \*

6.    On or about December 28, 2006, the Decedent signed the Application for a life insurance policy.

7.    On or about February 5, 2007, the Decedent requested that the Policy be issued with an increased face amount of $130,000.

8.    The Decedent signed a Statement of Health which was required by OM Financial as a condition precedent to permitting the increase in the face amount of the Policy.

9. The Statement of Health was signed by the Decedent on or about February 23, 2007 and provided in pertinent part, as follows:

> In Connection With Policy No. L0829399
>
> I hereby declare that the condition of my health has not changed and that I have not been ill or consulted or been treated by any physician, practitioner, or specialist since initial application, when Part 2 of my application for life insurance was completed, except as stated below. (If none, so state)
>
> I further agree that this statement shall be part of said application for insurance.

10. The statements, representations and answers in the Application, and the Statement of Health were made by the Decedent for the purpose of inducing OM Financial to issue a policy of life insurance.

11. In reliance upon the statements, representations and answers made by the Decedent in the Application and the Statement of Health, OM Financial issued to the Decedent Level Term Life Insurance Policy L0829399 (the "Policy"), with an issue date of February 11, 2007. A copy of the Application and the Statement of Health containing the statements, representations and answers made and given by the Decedent were attached to and made a part of the Policy.

12. The Decedent died on May 11, 2007.

13. On or about July 27, 2007, OM Financial received Blossom's claim for the life insurance proceeds under the Policy.

14. In the course of OM Financial's review of Blossom's claim, it discovered that the Decedent had made false statements, misrepresentations and omissions of material fact in the Application and the Statement of Health including, but not limited to the following:

> When the Decedent visited the VA Hospital on December 15, 2006, the results of that visit were not all normal. Rather, the Decedent was referred to the Gastroenterology Department for a consultation because of elevated

liver function tests. In addition, the Decedent was referred at that visit for a psychological assessment with a provisional diagnosis of Post Traumatic Stress Syndrome. VA Hospital records also indicate that the lab results of the Decedent's blood work were abnormal and that on January 24, 2007, the Decedent was again referred to the Gastroenterology Department at the VA Hospital for a consultation because of elevated liver function tests.

15. The Decedent did not disclose in his Application for the Policy (including the Statement of Health) any of the information set forth in paragraph 14 above, despite specific questions that required disclosure of such information.

16. The Decedent made false statements, misrepresentations and omissions of material fact in the Application and the Statement of Health for the Policy. The Decedent submitted this information to OM Financial so that it would issue the Policy to him.

17. The false statements, misrepresentations and omissions of material facts made by the Decedent in the Application and the Statement of Health were material to the risk and the subject matter of the insurance contract. Had the Decedent provided true and complete information in the Application and the Statement of Health, OM Financial would not have issued the Policy.

18. OM Financial justifiably relied on the false statements, misrepresentations and omissions of material facts made by the Decedent in the Application and the Statement of Health.

19. OM Financial has suffered damages as a result of its justifiable reliance on the false statements, misrepresentations and omissions of material facts made by the Decedent as part of and in the Application and the Statement of Health.

20. By letter dated October 15, 2007, OM Financial notified Blossom that it was declaring the Policy rescinded and null and void and that it denied any liability thereunder. On or about October 16, 2007, OM Financial tendered to Blossom the return of the amounts paid as premiums under the Policy, with interest.

21. Because the Policy was issued on the basis of material misrepresentations and omissions of material facts made by the Decedent, the Policy is void ab initio.

22. Accordingly, OM Financial seeks a declaration from the Court that the Policy is void ab initio and that it has no liability thereunder.

23. OM Financial has no adequate remedy at law.

WHEREFORE, defendants demand judgment (a) dismissing the Verified Complaint with prejudice and such other and further relief as the Court deems appropriate; (b) declaring the Policy void ab initio due to the material misrepresentations and omissions of material facts made by the Decedent as part of and in the Application and the Statement of Health; (c) awarding OM Financial its reasonable attorneys' fees, costs and disbursements in this action; and (d) for such other and further relief as the Court deems just and proper.

Dated: May 30, 2008
Uniondale, New York

*Norman Tolle*

Norman L. Tolle, Esq.
Rivkin Radler LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3242

Attorneys for Defendants

TO: Lawrence Goldhirsch, Esq.
Attorneys for Plaintiff
Weitz & Luxenberg, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 558-5500

2150672 v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) SS. :
COUNTY OF NASSAU         )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York.

On May 30, 2008, I served the within **Answer and Counterclaim,** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Lawrence Goldhirsch, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038

_____
Lisa Sullo

Sworn to before me this
30th day of May, 2008

_____
Notary Public

SUSAN M. DAVIES
Notary Public, State of New York
No. 01DA6129334
Qualified in Suffolk County
Commission Expires June 20, 2009

2142076 v2